OPINION
Defendant William Stewart appeals from his sentence for theft. For the reasons set forth below, we affirm.
On December 30, 1997, defendant was indicted for one count of theft. Defendant pleaded not guilty. On April 13, 1998, defendant withdrew his former plea and entered a plea of no contest. The trial court found him guilty of the charge. The trial court subsequently noted that the charges arose at the Justice Center while defendant and the victim were visiting inmates at jail on Christmas Eve. Defendant took the victim's coat and purse from an unlocked locker and locked them up with his belongings while he visited with his stepson, Marc DeMarco. Following the visit, defendant hid the coat and purse under his jacket. The victim asked for the items and the defendant stated that they should go to the security desk, but he then walked toward the exit. Deputies intervened and defendant told them that the articles belonged to his wife. Defendant's wife approached a few minutes later. She did not have a purse and her jacket was unlike the victim's. The court also determined that defendant had no remorse; that the victim did not in any way facilitate the offense and was extremely frightened by the incident; that probation would demean the seriousness of the offense and that it would fail to advance the objectives of deterrence and rehabilitation. The court additionally noted that defendant had been "arrested a number of times on a number of charges" and had previously been sentenced to a term of probation. The court then sentenced defendant to twelve months imprisonment. Defendant now appeals pursuant to R.C. 2953.08 and assigns three errors for our review.
 Defendant's assignments of error are interrelated and state:
 THE TRIAL COURT IMPROPERLY IMPOSED A PRISON TERM BECAUSE IT FAILED AT THE SENTENCING PHASE TO INDICATE THAT IT HAD FOUND ONE OR MORE FACTORS SPECIFIED IN R.C. 2929.13(B)(1)(a) THROUGH (h) APPLICABLE TO THE DEFENDANT AND THAT THE PROCEDURES FOR IMPOSING A SENTENCE PER R.C. 2929.13 WERE NOT FOLLOWED.
 THE TRIAL COURT IMPROPERLY IMPOSED A PRISON TERM WHEN A COMMUNITY CONTROL SANCTION WOULD HAVE BEEN CONSISTENT WITH PURPOSES AND PRINCIPLE IN (SIC) R.C. 2929.11; AND THE DEFENDANT WOULD HAVE BEEN AMENABLE TO IT.
 THE TRIAL COURT IMPOSED A SENTENCE THAT IS CONTRARY TO LAW.
Within these assignments of error, defendant asserts that the imposition of a prison term was erroneous in this instance.
Defendant was convicted of theft, a felony of the fifth degree. In determining whether a prison term should be imposed, the following inquiry must be undertaken pursuant to R.C. 2929.13 (A) (2): the court shall determine whether any of the factors set forth in R.C. 2929.13(B)(1) apply; the court must consider the seriousness and recidivism factors of R.C. 2929.12; and must consider whether the offender is amenable to community control sanction. See State v. Howard (September 11, 1998), Hamilton App. No. C-971049, unreported; State v. Barker (August 25, 1998), Franklin App. No. 98AP-23, unreported; State v. Flahive (March 27, 1998), Hamilton App. No. C-970211, unreported.
R.C. 2929.13(B) states:
 * * * in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person; the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
 The seriousness and recidivism factors are set forth in R.C.
2929.12 which provides in relevant part as follows:
 (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refused treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
R.C. 2929.11 states:
 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentencing imposed for similar crimes committed by similar offenders.
 (C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender.
With regard to the application of each of these statutes, we note as an initial matter, that the requirement of reviewing the criteria of R.C. 2929.13 is satisfied if the record reflects that the court reviewed a pre-sentence report prior to imposing sentence. State v. Davis (Oct. 30, 1997), Cuyahoga App. No. 72426, unreported; State v. Brooks (August 18, 1998), Franklin App. No. 97APA11-1543, unreported. Further, the Brooks court held that while the trial court must consider the seriousness and recidivism factors of R.C. 2929.12, the court is not required to state its reasoning on the record. In addition, where the trial court states on the record that the imposition of a term of community control would demean the seriousness of the offense, the record demonstrates that the trial court considered imposition of a community control sanction pursuant to R.C.2929.11. State v.Davis, supra.
Moreover, the severity of the sentence imposed in conformity to law remains within the discretion of the trial court. Id.; Statev. Brooks, supra; R.C. 2929.12(A) (trial court has discretion to determine the most effective way to comply with the purposes and principles of felony sentencing). Abuse of discretion connotes more than a mere error; it indicates that the trial court's attitude was arbitrary, unconscionable, or unreasonable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In this instance, defendant correctly notes that the factors of R.C. 2929.13(B) do in fact militate in favor of probation. Nonetheless, pursuant to R.C. 2929.12 (D), defendant's past criminal involvement demonstrates that he has not responded favorably to a previous probation term and he showed no remorse in this matter. Further, in light of the overriding purposes of felony sentencing pursuant to R.C. 2929.11, we are unable to conclude that the trial court abused its discretion. The offense is particularly shocking since it occurred at the Justice Center Jail, under the supervision of the Cuyahoga County Sheriff. This location dictates a compelling need for deterrence of future criminal conduct; a relatively lenient sentence for a crime carried out at this location would demean the seriousness of the offense. In addition, the record suggests that the victim remained extremely upset throughout the court proceedings.
Defendant also contends that the imposition of a prison term is contrary to law because it imposes an unnecessary burden on state and local governmental resources. This argument was considered and rejected in State v. Ober (October 10, 1997), Greene App. No. 97-CA-0019, unreported. The Ober Court stated:
 Ober is correct that the "sentence shall not impose an unnecessary burden on state or local government resources." R.C. 2929.13 (A). According to criminal law experts, this resource principle "impacts on the application of the presumptions also contained in this section and upon the exercise of discretion." Griffin Katz, Ohio Felony Sentencing Law (1996-97), 62. Courts may consider whether a criminal sanction would unduly burden resources when deciding whether a second degree felony offender has overcome the presumption in favor of imprisonment because the resource principle is consistent with the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11. Id.
 Although resource burdens may be a relevant sentencing criterion, R.C. 2929.13(D) does not require trial courts to elevate resource conservation above the seriousness and recidivism factors. Imposing a community control sanction on Ober may have saved state and local government funds; however, this factor alone would not usually overcome the presumption in favor of imprisonment.
We agree with the reasoning of the Ober court and we reject defendant's argument as to this issue. The assigned errors lack merit and are overruled.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J.,
MICHEAL J. CORRIGAN, J.
DIANE KARPIN, J.,
CONCURS IN JUDGMENT ONLY (SEE ATTACHED CONCURRING OPINION)
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1)